ALTENBERND, Judge,
Concurring.
I concur in this opinion as to the issues raised on appeal. I am concerned that everyone in the trial court seems to have overlooked a significant issue.
The police received an anonymous tip about a young man wearing a white shirt and green pants. He was in a park in a high-crime neighborhood, and the tipster claimed he had a gun. An officer at the park received a priority dispatch over his computer and almost immediately saw a young man who fit the description. The officer walked slowly toward the youth and asked if he could speak to him. The young man responded “no, I have to go home.” The young man then proceeded to ride his bicycle slowly toward the exit of the park. The officer continued to follow the young man, who apparently began to ride his bicycle a little faster. The officer then ordered him to stop. He did not stop and eventually he was apprehended by another officer.
The young man was Javarous Peterson. He did have a gun. The State charged him with two offenses, one arising from his possession of the gun and the other for resisting arrest without violence under section 843.02, Florida Statutes (2009). He filed a motion to dismiss and a motion to suppress, arguing that section 843.02 was unconstitutional. As argued in the issues raised in these motions, the case is similar to C.E.L. v. State, 24 So.3d 1181 (Fla.2009), and Mr. Peterson is entitled to no relief.
*861 The significant issue that concerns me is whether the officer obtained the power to conduct a Terry[1] stop under the facts of this case. Everyone below seems to have recognized that the anonymous tip did not give the officer a basis for a Terry stop. See Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000). As a result, Mr. Peterson could be stopped only if he was engaging in “headlong flight” in a high-crime neighborhood. See Illinois v. Wardlow, 528 U.S. 119, 123-25, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000).
In the trial court, the State proved that the park was in a high-crime neighborhood. Mr. Peterson’s attorney, however, never argued that his client was not engaged in headlong flight. Given that the undisputed testimony established that Mr. Peterson politely declined the request to engage in a citizen’s encounter and then slowly pedaled away on his bicycle, I do not see how the officer obtained the power to conduct a Terry stop. See Lee v. State, 868 So.2d 577, 581-82 (Fla. 4th DCA 2004); see, e.g., U.S. v. Jones, 609 F.Supp.2d 113 (D.Mass.2009). Without that power, Mr. Peterson was free to disregard the order to stop because he was not resisting a lawful order. The fact that Mr. Peterson eventually pedaled his bicycle at a faster pace after he was improperly ordered to stop should not transform these events into a valid Terry stop. I am inclined to believe that the charge of resisting should have been dismissed on this basis and the firearm should have been suppressed; but this was not argued by his trial counsel and it has not been raised on appeal by his appellate counsel.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).